DELBELLO DONNELLAN WEINGARTEN            *Hearing Date: 1/8/14 @ 9:45 a.m.*
WISE & WIEDERKEHR, LLP
*Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
JONATHAN S. PASTERNAK, ESQ.
ERICA R. FEYNMAN, ESQ.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                    Post-Confirmation
                                                          Chapter 11
189 AVEC MOI LLC,                                         Case No. 12-14415(REG)

                              Debtor.
-------------------------------------------------------------X

## RESPONSE OF DEBTOR TO MOTION TO DECLARE DEFAULT OF AGREEMENT OF SALE AND ENFORCE FIRST AMENDED LIQUIDATING PLAN

**TO:    HONORABLE ROBERT E. GERBER,
        UNITED STATES BANKRUPTCY JUDGE**

189 Avec Moi LLC, the above captioned debtor and debtor-in-possession (the "Debtor"), by

its attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, files this Response to the

motion (the "Motion") filed by SFGD, LLC ("SFGD") to declare Devenish Realty LLC

("Devenish") in default of the Contract of Sale entered into between the Debtor and Devenish dated

October 14, 2013 (the "Contract") and to otherwise enforce the Debtor's First Amended Liquidating

Chapter 11 Plan ("Plan") previously confirmed by this Court on July 24, 2013.

First, the Debtor files this Response at this belated time due to the fact that SFGD filed the

Motion on insufficient notice of, at most, 12 business days.[1] This shortened notice did not give the

Debtor adequate time over the Christmas and New Year's holidays to file a sooner response.

---

1 Bankruptcy Rule 4001(d)  requires no less than 17 days' notice for this type of Motion.

Second, although the Debtor does not dispute that Devenish is in technical default of the second down payment (although not closing) requirement of the Contract, it did place an initial *substantial* deposit of $435,750 in escrow with Debtor's counsel upon execution of the Contract. And although it admittedly failed to timely place the second required deposit of $564,250 on or before December 15, 2013, Devenish still has until January 17, 2014 to close on the sale. Devenish has recently informed the Debtor, since the filing of the Motion, that it still intends to close on the sale or before the January 17 closing deadline.

The Debtor still believes that a sale to Devenish is in the best interests of the estate in that (a) Devenish is the landlord and has the right to scrutinize and/or possible reject other potential purchasers under the legal standards governing assignment of leases under Section 365(b) of the Bankruptcy Code and (b) Devenish has offered more than any other prospective purchaser to date.

There is no prejudice to SFGD or any of the other creditors of the estate in waiting another 10 or so days to see if Devenish will close. In the meantime, the Debtor continues to pay monthly adequate protection payments to SFGD in excess of $40,000 per month and SFGD continues to enjoy a substantial equity cushion based on the known, at minimum, market value established by Devenish and the backup bidder to date.

In the event that Devenish fails to close, the Debtor's estate will retain the deposit on hand as per the liquidated damages clause under Paragraph 16 of the Contract, which fund could be used to provide further adequate protection to SFGD and pay the outstanding administrative expenses of the estate. To that end, the Debtor reserves its right to seek at that point an alternative transaction in the form of an expeditious refinance, for which the Debtor is now feverishly working on a back-up to Devenish in the event it fails to close. Upon information and belief, the Debtor's largest unsecured creditors support the Debtor's refinance efforts as an alternative to a backup sale or credit bid by SFGD.  If the Devenish sale does not close, the Debtor will seek to accordingly modify the Plan, as the Debtor still has the right to modify the Plan since the Plan has not yet been consummated. See 11

2

U.S.C. Section 1127(b).

The Debtor will continue to make the monthly adequate protection payments to SFGD until

such time as it closes with either Devenish or an alternative, modified Plan/refinance transaction.

**WHEREFORE**, the Debtor respectfully requests that the Court not declare Devenish in

default pending its contractual time in which to close upon the sale and grant the Debtor such other

such other and further relief as is just and proper under the circumstances.

Dated:  White Plains New York
        January 6, 2014

                                        Respectfully submitted,

                                        DELBELLO DONNELLAN WEINGARTEN
                                        WISE & WIEDERKEHR,LLP
                                        *Attorneys for the Debtor*
                                        One North Lexington Avenue
                                        White Plains, New York 10601
                                        (914) 681-0200


                                        By: */s/ Jonathan S. Pasternak*
                                               Jonathan S. Pasternak